IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | NO. 06-3287-CV-S-WAK |
| v. | ) ) | |
| ROSWIL, INC. d/b/a RAMEY'S/ PRICE CUTTER SUPERMARKETS, | ) ) ) | COMPLAINT JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Sean Mabins who was adversely affected by such practices. The Commission alleges that Sean Mabins, an African-American male, was racially harassed by Store Manager Wes Bragg and then permanently suspended from his employment for complaining about the racial harassment and about sexual harassment to which Bragg was subjecting other employees.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the

1

jurisdiction of the United States District Court for the Western District of Missouri, Southwestern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Roswil, Inc., d/b/a Ramey's/Price Cutter (the "Employer"), has continuously been a Delaware corporation doing business in the State of Missouri and the City of Springfield, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Sean Mabins filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2002, Defendant Employer has engaged in unlawful employment practices at its Springfield, Missouri facility, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a).

    (A) Defendant Employer has violated Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1) by subjecting Sean Mabins to racial harassment.

2

(B) Defendant Employer has violated § 704(a), 42 U.S.C. § 2000e-3(a) by retaliating against Sean Mabins by suspending his employment for complaining about racial harassment and sexual harassment.

8. The effect of the practice(s) complained of in paragraph(s) 7(A) and (B) above has been to deprive Sean Mabins of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and in retaliation for complaining about practices that are unlawful under Title VII.

9. The unlawful employment practices complained of in paragraphs 7(A) and (B) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7(A) and (B) above we done with malice or with reckless indifference to the federally protected rights of Sean Mabins.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial harassment and retaliation and any other employment practice that discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Sean Mabins, by providing appropriate

3

backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Sean Mabins.

G.  Order Defendant Employer to make whole Sean Mabins, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(A) and (B) above in amounts to be determined at trial.

H.  Order Defendant Employer to make whole Sean Mabins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(A) and (B) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.  Order Defendant Employer to pay Sean Mabins punitive damages for its malicious and reckless conduct described in paragraphs 7(A) and (B) above, in amounts to be determined at trial.

J.  Grant such further relief as the Court deems necessary and proper in the public interest.

K.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Gwendolyn Reams
Associate General Counsel

Robert G. Johnson
Regional Attorney

4

Barbara Seely
Supervisory Trial Attorney

 /s/ Anne E. Gusewelle
Anne E. Gusewelle
Senior Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
Gateway Tower II
4th and State Avenue, 9th Floor
Kansas City, KS 66101
(913) 551-5844 (tel)
(913) 551-6957 (fax)

5