IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 06-3287-CV-S-WAK |
| ROSWIL, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **CONSENT DECREE**

### Introduction

This Decree is made and entered into by and between the U.S. Equal Employment Opportunity Commission ("EEOC") and RPCS, Inc. ("RPCS"). The EEOC and RPCS are sometimes collectively referred to hereinafter as "the Parties." Pursuant to a separate Settlement Agreement, Roswil, Inc. ("Roswil") has agreed to pay, on a compromise basis in order to avoid further litigation and expense, $100,000 to resolve this matter.

The EEOC instituted this action alleging that Roswil, prior to July 31, 2002, discriminated against an African-American employee, Sean Mabins, by subjecting him to racial harassment and retaliating against him for complaining about racial and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. RPCS did not employ any person prior to December 31, 2004. On December 31, 2004, RPCS acquired all of the Missouri grocery business assets of Roswil.

RPCS specifically denies the allegations against Roswil, in their entirety, and specifically denies any other allegations in the action, in their entirety, and enters into this

1

RPCS DECREE 0v7

Decree on a compromise basis in order to avoid further litigation and expense. Neither the execution of this Decree nor the consideration herein specified shall constitute or be construed as an admission on the part of RPCS of any unlawful acts or any violation of the laws and Constitution of the United States or any other applicable state or federal law or municipal ordinance which prohibits discrimination in employment.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among all the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## I. General Provisions

1. RPCS shall not discriminate against African-American employees by subjecting them to race discrimination. Further, RPCS shall not retaliate against employees for complaining about discrimination.

2. RPCS shall not discriminate or retaliate against any employee because he or she has opposed any practices alleged in this action as unlawful under Title VII, has participated in an investigation conducted under this law with respect to this complaint, has participated in this lawsuit, or has benefited in any way as a result of this Decree.

## II. Injunctive Relief

1. Within thirty (30) days after the date the Court approves this Decree, RPCS agrees to, consistent with its prior practices, disseminate an anti-discrimination notice to all supervisory and non-supervisory employees. Such anti-discrimination notice shall include a statement by its Chief Executive Officer that racial discrimination and retaliation will not be tolerated by the company. Further, the notice shall state that employees who engage in such discriminatory conduct risk losing their jobs, that all employees are encouraged to report racial and sexual harassment, and retaliation of which they become aware or to which they believe they have been subjected, and that employees who make such reports will not be subject to retaliation.

Along with the anti-discrimination notice, RPCS shall distribute, consistent with its prior practices, an anti-discrimination policy, which shall include, at a minimum, a definition of unlawful harassment and discrimination, a clear and effective procedure with multiple reporting channels for employees to report possible harassment or discrimination, and a statement that no employee will be subjected to retaliation for reporting possible discrimination or harassment, participating in the investigation of such a report, and/or any other protected activity. RPCS will provide certification that it has complied with the requirements of this paragraph to the EEOC as provided in paragraph IV.2, below.

2. Within ninety (90) days after the date the Court approves this Decree, RPCS will cause management and supervisory staff to receive eight (8) hours of training on race discrimination and retaliation. All such training shall be done by a reputable vendor whose name and qualifications will be submitted to the EEOC for review at least thirty (30) days prior to the start of such training. RPCS will provide certification that it

3

RPCS DECREE 0v7

has complied with the requirements of this paragraph to the EEOC, including the actual dates and times of such training and a list of the names and positions of all employees trained, as provided in paragraph IV.2, below.

3. Within thirty (30) days after the date that the Court approves this Decree, RPCS shall instruct its managers and supervisors, consistent with its prior practices, that the effective handling of equal employment opportunity issues is an element of manager and supervisor job duties, and that performance in this area will be considered when determining eligibility for awards, raises, transfer and promotion opportunities. RPCS will provide certification that it has complied with the requirements of this paragraph to the EEOC as provided in paragraph IV.2, below.

### III. Posting

1. If not posted previously, RPCS shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in locations that are publicly visible at its facilities.

2. RPCS shall post and cause to remain posted copies of the Notice attached hereto as Exhibit A in locations publicly visible to all employees for the term of the Decree. RPCS will provide certification that it has complied with the requirements of this paragraph to the EEOC as provided in paragraph IV.2, below.

### IV. Reporting and Access

1. RPCS agrees that twice yearly for the term of the Decree beginning six (6) months from the date that the Court approves the Decree, it shall provide a written report to the Commission regarding all internal complaints of racial discrimination or retaliation. The reports shall include the following information:

(a) name, race, last known residential address, and land line and/or cell telephone number of the person who made the complaint;

(b) name, race, and position title of person about whom a complaint was made;

(c) date of the complaint;

(d) allegations of the complaint;

(e) name, race, and position title of any person who participated in any investigation or decision-making regarding the complaint;

(f) actions taken, if any, as a result of the investigation of the complaint; and

(g) copies of all documents pertaining to any investigation into the matter including all interview notes.

2. RPCS shall provide all written reports required by this Decree to Jean P. Kamp, Acting Regional Attorney, United States Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce St., Rm. 8.100, St. Louis, MO 63103.

3. During the term of this Decree RPCS shall allow representatives of the Commission to review RPCS's compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting RPCS's premises. Such review of compliance shall be initiated by written notice to RPCS's attorneys of record at least three (3) business days in advance of any inspection.

### V. Term and Effect of the Decree

1. This Decree shall be binding upon the parties hereto, their successors and assigns.

2. This Decree shall be in force for a period of three (3) years. During the Decree's term, the Court shall retain jurisdiction of this cause for purposes of enforcement.

3. The parties shall bear their own costs and attorneys' fees.

DATE: 9/19/07

_____
UNITED STATES MAGISTRATE JUDGE

BY CONSENT:

FOR PLAINTIFF EEOC:

Jean P. Kamp
Acting Regional Attorney

Barbara Seely
Supervisory Trial Attorney

*[signature]*

ANNE E. GUSEWELLE
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Kansas City Area Office
Gateway Tower II
4th and State Avenue, 9th Floor
Kansas City, KS 66101
(913) 551-5844 (tel)
(913) 551-6957 (fax)

LATHROP & GAGE L.C.

By: *[signature]*
Tina G. Fowler
Missouri Bar No. 48522
tfowler@lathropgage.com
1845 S. National
Springfield, MO 65804
Phone: (417) 886-2000
Fax: (417) 886-9126

FOR DEFENDANT RPCS, INC.

# EXHIBIT A

## NOTICE [Applicable company letterhead]

This notice is being posted pursuant to an agreement between RPCS, Inc. and the Equal Employment Opportunity Commission (EEOC).

Federal Law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, disability or age (40 and over) with respect to hiring, firing, promotions, compensation, or other terms, conditions or privileges of employment.

RPCS, Inc. supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

RPCS, Inc. will provide training, consistent with its prior practices, to management employees within three (3) months of the date indicated below, with particular emphasis on racial discrimination and retaliation.

RPCS, Inc.'s employees are encouraged and requested to promptly report to their supervisor, to another supervisor, or to the Director of Human Resources any possible unlawful discrimination or harassment. Complaints will be handled with as much confidentiality as possible, and no employee who makes a report or provides information as a witness will be penalized or retaliated against. An immediate investigation will be conducted and appropriate corrective action, as necessary, will be taken, up to and including termination of the wrongdoer. An employee also may report possible unlawful discrimination or harassment to the Equal Employment Opportunity Commission, Gateway Tower II, 4 and State Ave., 9th Floor, Kansas City, KS 66101, (913) 551-5655.

Signed this _____ DAY OF _____, 2007.

                                                RPCS, INC.

                                                By_____
                                                        Chief Executive Officer